## WADSWORTH (city) v WOLF

Ohio Appeals, 9th Dist, Medina Co

No 120.  Decided April 28, 1932

Merle M. Agin, City Solicitor, Wadsworth, for plaintiff in error.

Shank & Cain, Akron, for defendant in error.

FUNK, J.

The only material conflict or variation in the testimony is in the estimates of the depth and size of this hole in the street, and as to how much of said slag had been thrown out by passing automobiles.

Counsel for the city sets up three claimed errors: first, that the verdict and judgment are not only not sustained by the evidence but are manifestly against the weight of the evidence; second, that the verdict and judgment are contrary to law; and third, that the court erred in overruling the city's motion for nonsuit—all of which resolve themselves into one principal alleged error, which is that the verdict and judgment are manifestly against the weight of the evidence.

Counsel for the city contends that the hole in the street where the slag was thrown out was of such a minor character that it was not a violation of §3714, GC, and asked the trial court, and now asks this court, to say, as a matter of law, that the city is not liable in damages to plaintiff.

After reading the record in this case, we cannot agree with this contention, as we think that the evidence is such as to make the liability of the city a question of fact to be determined by the jury under proper instructions by the court; and there is no claim of error in the charge.  We find evidence in the record which, if believed by the jury, would warrant the verdict rendered.  The record discloses evidence that said hole or depression in the street was four inches deep, and also evidence that it was only about two inches deep at the time of the accident.  It is conceded that the street was a much-traveled paved road.  The claim that plaintiff was thrown from his motorcycle and injured as he passed over said hole or depression in the street, which contained loose limestone slag, is not disputed.  There was some variance in the testimony concerning the street light and whether or not it cast a shadow rather than light over this hole.  There is no claim that the city

placed a light or warning of any kind to show the defect in the street.

Counsel are, of course, familiar with the rules governing reviewing courts concerning the weight of the evidence, which are to the effect that such court is not allowed to set up its judgment as against that of the jury, and that it cannot reverse on that ground unless it appears from the face of the record that the verdict is so clearly unsupported by the evidence as to indicate some misapprehension, mistake, bias or wilful disregard of duty on the part of the jury.

Finding that the evidence makes the question of the liability of the city one of fact rather than one of law, and that the verdict and judgment are not manifestly against the weight of the evidence, the judgment is affirmed.

PARDEE, PJ, and WASHBURN, J, concur.